14-106

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAPTOPPLAZA, INC.   )
                    )   Docket No.:
                    )
       Plaintiff,   )   ECF CASE
                    )
   -against-        )
                    )
                    )
STARR INDEMNITY & LIABILITY COMPANY )   COMPLAINT WITH
                    )   JURY DEMAND
                    )
       Defendants.  )
                    )

Plaintiff, LAPTOPPLAZA, INC., by its attorneys WEG AND MYERS P.C., as and for its Complaint against Defendants STARR INDEMNITY & LIABILITY COMPANY respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant STARR INDEMNITY & LIABILITY COMPANY for breach of contract.

2. This action arises from the failure of Defendant to fully indemnify Plaintiff pursuant to a Marine Open Cargo Policy of Insurance issued by Defendant to Plaintiff.

3. The policy of insurance herein at issue, insures against, among other things, all risks of physical loss or damage to Plaintiff's "Stock in Trade/Inventory/Finished Goods Held for Sale," up to a limit of $8,000,000.00 as well as all risks of physical loss or damage to "goods…while in due course of transit…while in trucks, trailers or semi-trailers owned, leased or operated by or for [Plaintiff]," up to a limit of $1,000,000.00.

4.     As the direct result of a burglary which occurred on December 15, 2013 at the Plaintiff's warehouse located at 1801 NW 135th Avenue, Miami, FL 33182, Plaintiff sustained damages in the amount of $710,684.00.  Notwithstanding that said loss was covered pursuant to the terms and conditions of the aforesaid policy of insurance, Defendant has failed to indemnify Plaintiff for its losses.

5.     As a result of Defendant's failure to comply with its own policy forms and conditions, Plaintiff has commenced this action.

## JURISDICTION AND VENUE

6.     This action is filed under and pursuant to 28 U.S.C. §1332, in that the Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.     This action involves a dispute as to the rights and obligations of the parties in connection with an all-risk policy of insurance contracted for by Plaintiff, a Florida resident, maintaining its principle place of business in Florida, with an insurance company, Defendant, which is domiciled in Texas and maintains its principle place of business in New York.

8.     Defendant lists its principle place of business as 399 Park Avenue, 8th Floor, New York, New York 10022 and pursuant to 28 U.S.C. §1391(c)(2) is thereby a resident of New York County.

9.     Venue is proper as the subject policy of insurance contains a forum selection clause designating the U.S. District Court for the Southern District of New York as the venue of choice for suits relating to and arising out of the contract of insurance.

10.    An actual controversy of a justiciable nature exists between Plaintiff and Defendant involving the rights and obligations under the aforesaid policy of insurance and,

depending on the construction of said contract, the aforesaid controversy can be determined by judgment of this Court without further suit.

## PARTIES

11.    At all relevant times herein mentioned, Plaintiff LAPTOPPLAZA, INC. (hereinafter "Plaintiff") was and is a foreign corporation organized and existing under and by virtue of the laws of the State of Florida, having its principal place of business at 1801 NW 135th Avenue, Suite 900, Miami, FL 33182.

12.    At all times hereinafter mentioned, Defendant, STARR INDEMNITY & LIABILITY COMPANY (hereinafter "Defendant") was and is a foreign corporation organized and existing under and by virtue of the laws of Georgia, and having its principle place of business at 399 Park Avenue, 8th Floor, New York, New York 10022.

13.    At all times hereinafter mentioned, Plaintiff occupied, pursuant to lease, a commercial warehouse located at 1801 NW 135th Avenue, Suite 900, Miami, FL 33182 (the "Subject Premises") which contained, among other things, Plaintiff's "Stock in Trade/Inventory/Finished Goods Held for Sale" in which Plaintiff at all relevant times maintained an insurable interest.

## STARR INDEMNITY & LIABILITY COMPANY POLICY OF INSURANCE

14.    Heretofore and prior to December 15, 2013, Defendant, for good and valuable consideration made and issued to Plaintiff a certain Marine Open Cargo Policy of Insurance bearing number MASICAT00002109 (hereinafter the "Subject Policy.")

15.    Defendant, for good and valuable consideration, including increased premiums, did issue Endorsement No. 23 to the aforesaid policy, wherein and whereby Defendant did extend insurance coverage to, among other items of business personal property and

merchandise, "Stock in Trade/Inventory/Finished Goods Held for Sale" temporarily detained in warehouses, up to a limit of $8,000,000.00 for such items at 1801 NW 135th Avenue, Miami, FL 33182.

16. Defendant, for good and valuable consideration, including increased premiums, did issue Endorsement No. 25 to the aforesaid policy, wherein and whereby Defendant did extend insurance coverage to, among other things, "goods...while in due course of transit...while in trucks, trailers or semi-trailers owned, leased or operated by or for [Plaintiff]," up to a limit of $1,000,000.00.

17. Endorsement 23 to the aforesaid policy was effective by its terms on November 12, 2013.

18. Endorsement 25 to the aforesaid policy was effective by its terms on November 12, 2013.

## BACKGROUND FACTS

20. On or about December 14 and 15, 2013 LAPTOPPLAZA, INC. was in the process of installing rack storage within its warehouse located at 1801 NW 135th Avenue, Miami, FL 33182.

21. In order to accomplish the construction, assembly, and installation of the rack storage, Plaintiff temporarily expanded its warehouse by renting and subsequently attaching storage containers to its bay doors.

22. Portions of Plaintiff's inventory were subsequently moved from that portion of the warehouse under construction to the attached temporary storage facility.

23. On the evening of December 14, 2013, the aforesaid storage facilities were docked at the bay doors of the Subject Premises.

25. After completing their work for the day, Plaintiff's employees locked the doors of the storage facility and closed and locked the loading dock doors.

26. Pursuant to a contract with U.S. Security Care, Plaintiff's premises were patrolled on the evening of December 14, and morning of December 15, 2013 by a security guard.

27. Between the hours of midnight and 9:00AM on Sunday, December 15, 2013, unknown persons stole a double axel tractor cab from an adjacent business, hooked the tractor cab up to a portion of the temporary storage facility and were able to abscond with the temporary storage facility and the items contained therein.

28. Plaintiff's warehouse manager, Max Voronin, first reported the loss to Plaintiff at 9:25AM on Sunday December 15, 2013.

27. On-site security personnel were unaware of the missing storage van until notified by Plaintiff's employees.

29. The Miami-Dade Police Department was notified by Plaintiff and initiated an investigation into the theft of Plaintiff's inventory and the temporary warehouse facility.

30. The Miami-Dade Police Department was able to locate and recover the attached stolen tractor cab, but has been unable to locate the temporary storage facility or any of its contents.

31. As a result of the theft, Plaintiff sustained damages in the amount of $710,684.00.

32. Plaintiff timely submitted a claim to Defendant for the damages suffered as a result of the theft which occurred at 1801 NW 135th Avenue, Miami, FL 33182, on or about December 15, 2013.

33. By a letter dated March 3, 2014, Defendant denied Plaintiff's claim.

## AS AND FOR A FIRST CLAIM AGAINST
## DEFENDANT STARR INDEMNITY & LIABILITY COMPANY

34. Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" though "33," inclusively, with the same force and effect as though more fully set forth herein at length.

35. At all times hereinafter mentioned, Plaintiff had an insurable interest in all of the merchandise located at the Subject Premises.

36. On or about December 15, 2013, and continuing thereafter, while the Subject Policy was in full force and effect, Plaintiff sustained damages due to the theft of its merchandise.

37. Due to the aforesaid theft, Plaintiff suffered a covered loss to its property resulting in damages in the amount of $710,684.00.

38. Notwithstanding the fact that Plaintiff timely submitted a claim to Defendant, Defendant has failed to indemnify Plaintiff for its loss.

39. By its failure to make payment pursuant to the provisions of the Subject Policy, Defendant has breached its insurance contract with Plaintiff.

40. As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount o f$710,684.00.

## AS AND FOR ITS SECOND CLAIM IN THE ALTERNATIVE
## AGAINST DEFENDANT STARR INDEMNITY & LIABILITY COMPANY

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" though "40," inclusively, with the same force and effect as though more fully set forth herein at length.

42.     At all times hereinafter mentioned, Plaintiff had an insurable interest in its goods which were contained within the 53 foot temporary storage facility which was stolen from the Subject Premises.

43.     At the time that the merchandise was stolen, such goods had not reached their final destination and as such were in the due course of transit within the limits of the United States while in trucks, trailers or semi-trailers owned, leased or operated by or for the Plaintiff.

44.     On or about December 15, 2013, and continuing thereafter, while the Subject Policy was in full force and effect, Plaintiff sustained damages due to the theft of its goods while the goods were in the due course of transit within the limits of the United States while in trucks, trailers or semi-trailers owned, leased or operated by or for the Plaintiff.

45.     Due to the aforesaid theft, Plaintiff suffered a covered loss of its merchandise in the amount of $710,684.00.

46.     Notwithstanding the fact that Plaintiff timely submitted a claim to Defendant under the Subject Policy for $710,684.00, Defendant has failed to indemnify Plaintiff for its loss.

47.     By its failure to make payment pursuant to the provisions of the Subject Policy Defendant has breached its insurance contract with Plaintiff.

48.     As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $710,684.00.

**WHEREFORE**, Plaintiff LAPTOPPLAZA, INC., demands judgment as follows:

(a) On the first claim against Defendant STARR INDEMNITY & LIABILITY COMPANY, in the amount of $710,684.00, plus interest thereon from December 15, 2013, together with costs and disbursements of this action;

(b) On the second claim against Defendant STARR INDEMNITY & LIABILITY COMPANY, in the amount of $710,684.00, plus interest thereon from December 15, 2013, together with costs and disbursements of this action; and

(c) for such other and further relief as to which this Court deems just and proper.

Dated:   New York, New York
         September 17, 2014

                                   Yours, etc.,

                                   **WEG AND MYERS, P.C.**
                                   *Attorneys for Plaintiff*

                                   By: _____
                                   JOSHUA L. MALLIN (JM 0474)
                                   Federal Plaza
                                   52 Duane Street
                                   New York, New York 10007
                                   (212) 227-4210

Docket No.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

LAPTOPPLAZA, INC.,

Plaintiff,

--against--

STARR INDENITY & LIABILITY COMPANY,

Defendant.

---

SUMMONS AND COMPLAINT
WITH JURY DEMAND

---

*Weg and Myers, P.C.*
Attorneys for Plaintiff
Federal Plaza
52 Duane Street, 2nd Floor
New York, New York 10007
(212) 227-4210